UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ALEX SALTOS,

                    Plaintiff,

   -against-

GGI CONSTRUCTION CORP. and
IVAN CAMPOS,

                    Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:21-cv-6459-FB-SIL

*Appearances:*
*For the Plaintiff*:
KEITH E. WILLIAMS
The NHG Law Group, P.C.
4242 Merrick Road
Massapequa, NY 11758

**BLOCK, Senior District Judge:**

      On July 18, 2022, Magistrate Judge Steven I. Locke issued a Report and Recommendation ("R&R") recommending that default judgment against Defendants GGI Construction Corp. and Ivan Campos ("Defendants") be granted and Plaintiff be awarded $4,644 in compensatory damages, $4,644 in liquidated damages, $10,000 in statutory damages, and $424.35 in prejudgment interest, for a total of $19,712.35 with prejudgment interest, accruing at a daily rate of $1.15 until judgment is entered, and post-judgment interest calculated from the date the Clerk

1

of Court enters judgment until payment, which shall increase by 15% if any amount remains unpaid after ninety days.

Alex Saltos ("Plaintiff") alleged violations of the Fair Labor Standard Act ("FLSA"), New York Labor Law § 190 *et seq.*, and New York Codes, Rules, and Regulations ("NYCRR") Title 12 § 142 *et seq.* Defendants failed to answer or otherwise respond, and on January 18, 2022, the Clerk of Court entered a Certificate of Default against them.

Magistrate Judge Locke's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. No objections were filed.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

2

**SO ORDERED.**

_____/S/_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 2, 2022

3